# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD R. O'BRIEN, SR., an adult individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE TOWNSHIP OF ROSS, BONNIE BRIMMEIER, an adult individual, DEBBY GRASS, an adult individual, GEORGE TUNNEY, an adult individual, DANIEL DEMARCO, LANA MAZUR, DAVID MIKEC, GRANT MONTGOMERY, and GRACE STANKO, individually, and as Members of the Township of Ross Board of Commissioners, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Civil Action No. 14-633
Hon. Nora Barry Fischer

**MEMORANDUM ORDER**

This action arises out of a dispute between Plaintiff Gerald O'Brien ("O'Brien"), Defendant Ross Township ("Township"), and individual Defendants Bonnie Brimmeier ("Brimmeier"), Debby Grass, George Tunney, Daniel DeMarco, Lana Mazur, David Mikec, Grant Montgomery, and Grace Stanko over defamatory statements that the individual Defendants apparently published and/or republished concerning Plaintiff. (Docket No. 12). In his Amended Complaint, Plaintiff alleges three counts: (1) defamation, (2) § 1983 Retaliation, and (3) a "Sunshine Act" violation. (Docket No. 12 at 13-21). Presently before the Court is Defendants' Motion to Dismiss, in part, in which Defendants argue that the defamation count of the Amended Complaint should be dismissed under Rule 12(b)(6). (Docket Nos. 13, 14). Upon consideration of Defendants' Motion, (Docket Nos. [13], [14]), Plaintiff's Response, (Docket No. [23]), and the averments in the Amended Complaint, (Docket No. [12]), as well as the relevant legal standard on a motion to dismiss under Rule 12(b)(6), *see, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662

(2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010), Defendants' Motion to Dismiss [13] is DENIED. Assuming the facts pled by Plaintiff to be true, and resolving all reasonable inferences in his favor, the Court finds that he has set forth sufficient facts to set forth a plausible claim for relief, (*see* Docket No. 12), and the Court now briefly explains its reasoning concerning two issues raised by the parties.

Defendants first argue that Brimmeier's statements during a private meeting among Ross Township's legal counsel and Commissioners are conditionally privileged because they concern the discipline of a fellow Commissioner. (Docket No. 14 at 9). "Pennsylvania law shields the publisher of defamatory statements from liability if the statement 'was made subject to a privilege, and the privilege was not abused.'" *Manning v. Flannery*, 528 F. App'x 141, 143 (3d Cir. 2013) (quoting *Moore v. Cobb–Nettleton*, 889 A.2d 1262, 1268 (Pa. Super. Ct. 2005)). "A conditional privilege applies 'if the publisher reasonably believes that the recipient shares a common interest in the subject matter and is entitled to know the information conveyed.'" *Id.* (quoting *Am. Future Sys., Inc. v. Better Bus. Bureau*, 923 A.2d 389, 393 (Pa. 2007)). To establish an abuse of conditional privilege, the Plaintiff must show that "the publication is actuated by malice or negligence, is made for a purpose other than that for which the privilege is given, or to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege, or included defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose." *Id.* (quoting *Moore*, 889 A.2d at 1269).

Contrary to the position of Defendants, here, Plaintiff contends that Brimmeier abused any conditional privilege because he alleges that Brimmeier's statements during the aforementioned private meeting were made, with malice, and in retaliation against him for his filing of a complaint with the Pennsylvania Disciplinary Board. (Docket No. 23 at 6). Plaintiff

2

also avers that the individual Defendants acted outside the scope of their official duty, power, or authority because third parties in Ross Township learned of the statements at issue. (Docket No. 23 at 10). Plaintiff asserts that publication to third parties was not necessary to achieve the purpose of any asserted conditional privilege. (*Id.*) He further maintains that any publication should not have occurred had Defendants acted only within the scope of their authority in disciplining a fellow Commissioner. (*Id.*) Based on the foregoing, the Court finds that Plaintiff has alleged sufficient facts to set forth a plausible exception to the conditional privilege.

Defendants also argue that Plaintiff has not alleged with sufficient particularity the date, time, or place of any apparently defamatory statements. (Docket No. 14 at 10-12). However, nothing in Federal Rule of Civil Procedure 9(f) requires date, time, or place to be alleged in a complaint, when the complaint does not allege fraud or mistake. *Jairett v. First Montauk Sec. Corp.*, 203 F.R.D. 181, 186 (E.D. Pa. 2001) ("Rule 9(f) does not require specificity in pleading time and place, but provides only that when specific allegations are made, they are material."); *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE VOL. 5A: WHEN ALLEGATIONS OF TIME AND PLACE REQUIRED, 5A Fed. Prac. & Proc. Civ. § 1309 (3d ed.) ("It should be understood that Federal Rule 9(f) does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when a pleader actually interposes them in a complaint or answer.").

Here, Plaintiff has not alleged fraud or mistake, wherein he would have had to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see also Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) ("Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged. To satisfy this

standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."). Instead, Plaintiff has pled malice and knowledge, (Docket No. 23 at 6), which may be pled generally. *See* FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) ("Rule 9(b) applies to 'all averments of fraud or mistake'; it requires that 'the circumstances constituting fraud ... be stated with particularity' but provides that '[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally.'").

Accordingly, after assuming all of the factual allegations in the Amended Complaint to be true, Plaintiff has pled plausible claims for relief, although the sufficiency of the evidence supporting these claims may be revisited on summary judgment. *See Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 91 (Pa. 1983) (internal citations omitted) ("It may later become apparent, from undisputed facts that appellees are entitled to summary judgment or even judgment on the pleadings. However, considering the stringent standards our Court has developed for sustaining a demurrer, appellants should not have been put out of court on these complaints."). Defendants' Motion to Dismiss as to the defamation count will be therefore denied.

Based on the foregoing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [13] is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: August 13, 2014

cc/ecf: All counsel of record